UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY JAMIL FLENAUGH,

                    Plaintiff,

        v.

GREATER LAKES MENTAL
HEALTHCARE,

                    Defendant.

Case No. 3:26-cv-05071-TMC

ORDER TO AMEND COMPLAINT

## I.    INTRODUCTION

Before this Court is self-represented plaintiff Tiffany Jamil Flenaugh's complaint. Because Ms. Flenaugh's request to proceed *in forma pauperis* ("IFP") was granted, Dkt. 3, the Court must now review the complaint pursuant to 28 U.S.C. § 1915. Because the complaint does not identify a basis for this Court's jurisdiction, Ms. Flenaugh is ORDERED to file a proposed amended complaint no later than March 30, 2026. If Ms. Flenaugh does not amend her complaint, or the amended complaint still fails to establish jurisdiction, the case will be dismissed without prejudice.

## II.    LEGAL STANDARDS

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to

ORDER TO AMEND COMPLAINT - 1

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A self-represented plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the plaintiff must explain to the Court the underlying facts that, if true, would show that the defendant has violated their legal rights—such as the who, what, where, when, and why of the alleged violation. Unless it is clear a self-represented plaintiff cannot fix the problems in their complaint by providing additional facts, the Court will provide the plaintiff with an opportunity to amend the complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

### III. DISCUSSION

After a review of Ms. Flenaugh's complaint, the Court must dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to establish a basis for the Court's jurisdiction. District courts must establish that they have subject matter jurisdiction to hear a case. *See United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004) ("[A] district

ORDER TO AMEND COMPLAINT - 2

court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments" and it has an obligation to establish subject matter jurisdiction "*sua sponte*, whether the parties raised the issue or not"). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party may claim that a federal court has subject matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

For diversity jurisdiction, the plaintiff must allege that the parties are completely diverse (typically meaning the plaintiffs and defendants are citizens of different states) and that the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

For federal question jurisdiction, the question turns on whether the complaint contained a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction arises only if the complaint "affirmatively allege[s] a federal claim." *Retail Prop. Tr. v. United Broth. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

Ms. Flenaugh's complaint discusses her problems with various mental health providers at Greater Lakes Mental Healthcare while she navigates federal probation. Dkt. 1-1 at 2. However, Ms. Flenaugh does not state any federal causes of action against defendant Greater Lakes Mental Healthcare, or provide details that would support a cause of action. Nor does Ms. Flenaugh identify any federal statutes, treaties, or provisions of the United States Constitution that would allow this Court to have jurisdiction. Ms. Flenaugh states that her claims arise under Washington state law (Dkt. 4 at 1), but she also does not show that she and the Defendant are citizens of different states or establish the amount in controversy required for diversity jurisdiction in

ORDER TO AMEND COMPLAINT - 3

federal court. Therefore, the Court is required to dismiss Ms. Flenaugh's complaint unless she can cure its deficiencies.

### IV.    CONCLUSION

Ms. Flenaugh is directed to file a proposed amended complaint no later than March 30, 2026. The amended complaint must include a short, plain statement explaining (1) the grounds for the Court's jurisdiction, (2) the claims asserted against defendant Greater Lakes Mental Healthcare, (3) specific facts that Ms. Flenaugh believes supports each claim, and (4) the relief requested. Otherwise, the Court will dismiss her complaint without prejudice and close the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER TO AMEND COMPLAINT - 4